**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHARLES MILLER, SUVIR BHATIA, KLAUS GEITHNER, ERIK KANDLER, GEORGE RAST, TAO TAO, AND LIN SONG,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CASE NO: _____** |
| **v.** | ) ) | |
| **INTL FCSTONE FINANCIAL INC.,** | ) ) | |
| **Defendant.** | ) | |

## PETITION TO COMPEL ARBITRATION

Plaintiffs Charles Miller, Suvir Bhatia, Klaus Geithner, Erik Kandler, George Rast, Tao Tao, and Lin Song bring this Petition pursuant to 9 USCS § 4 to compel Defendant INTL FCStone Financial, Inc. to arbitration before the American Arbitration Association ("AAA") and state the following in support:

## I.    NATURE OF THIS ACTION

The Defendant induced the Plaintiffs to enter into an arbitration agreement with representations that the arbitration process provides an expeditious and inexpensive means of resolving disputes. Defendant identified The American Arbitration Association as an "eligible organization" to which Plaintiffs could submit claims in

arbitration against it. In November, 2018, each of the Plaintiffs suffered financial losses which they attribute to the negligence and misconduct of the Defendant. Plaintiffs submitted their claims against the Defendant to the American Arbitration Association. Defendant has refused to arbitrate.

The Federal Arbitration Act provides an abbreviated procedure for obtaining specific performance of an arbitration agreement, as follows: "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

Plaintiffs respectfully ask that the court to make this determination and enter its order directing the parties to proceed to arbitration in the American Arbitration Association.

## II.    THE PARTIES

1.    Plaintiffs Charles Miller, Suvir Bhatia, Klaus Geithner, Erik Kandler, George Rast, Tao Tao, and Lin Song are residents of Georgia.

2.    Defendant INTL FCStone Financial, Inc. ("INTL" or "Defendant") is a commodities and securities broker-dealer incorporated under the laws of the State of Florida with its principal place of business in Winter Park, Florida.

2

### III.   JURISDICTION AND VENUE

3.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     This Court further has subject-matter jurisdiction over this action pursuant to 28 U.S.C. section 1331 because the claims in arbitration arise under the laws of the United States, including, *inter alia,* 7 U.S.C. section 2 (a)(1) of the Commodities Exchange Act, 17 C.F.R. section 1.25, 17 C.F.R. 1.73, 17 C.F.R. section 166.3, and other federal statutes.

5.     Venue is proper under 28 U.S.C. § 1391 because all Plaintiffs are residents of this State and the acts and omissions giving rise to the Plaintiffs' claims occurred in Atlanta, Georgia.

### IV.   STATEMENT OF FACTS

6.     Plaintiffs were customers of INTL and maintained separate trading accounts at INTL at all times relevant to this case.

7.     Defendant is engaged in business, *inter alia*, as a Futures Commissions Merchant ("FCM") and, as such, is regulated by the U.S. Commodity Futures Trading Commission ("CFTC").

8.     The CFTC has promulgated "Customer Protection Rules" which are codified at 17 CFR 166.

9.     The CFTC's Customer Protection Rules include "Dispute Resolution Procedures." 17 CFR 166.5.

10.     The CFTC's Dispute Resolution Procedures prescribe rules and standards that an FCM, like INTL, must follow when offering a pre-dispute resolution process to customers.

11.     Defendant entered into this State, through an agent, for the purpose of recruiting Georgia residents to open accounts with INTL and to become its customers.

12.     INTL delivered for execution to each Plaintiff at their home in Georgia a pre-dispute arbitration agreement ("Arbitration Agreement") as part of the process of establishing for each Plaintiff an account relationship with INTL. See the Arbitration Agreement executed by each Plaintiff attached hereto as Exhibit 1.

13.     The Arbitration Agreement provides that any claim or controversy arising out of any Plaintiff's account at INTL shall be settled by arbitration. Id.

14.     The Arbitration Agreement recites "that the opportunity to settle disputes by arbitration may in some cases provide many benefits to customers, including the ability to obtain an expeditious and final resolution of disputes without incurring substantial costs." Id.

4

15.     The Arbitration Agreement provides that the customer "…will have an opportunity to elect a qualified forum for conducting the proceedings and will be supplied with a list of qualified organizations." Id.

16.     On November 15, 2018, Plaintiffs were informed that a "catastrophic loss event" had destroyed the value of their accounts at INTL and subjected them to additional losses and damages.

17.     On December 13, 2018, upon learning of Plaintiffs' intent to assert claims arising from the losses suffered in their INTL accounts, INTL sent Plaintiffs a list comprising three "qualified organizations" ("List") as mandated by the CFTC's "Customer Protection Rules" and as required by the Arbitration Agreement. Plaintiffs attach a copy of the List to their Complaint as Exhibit 2.

18.     INTL includes on the List two "eligible organizations" affiliated with the commodities futures industry: the National Futures Association ("NFA") and Chicago Mercantile Exchange ("CME"). Id.

19.     INTL also includes on the List a third "eligible organization" to which Plaintiffs could opt to submit their claims:   the American Arbitration Association, a national organization that provides neutrals to administer out-of-court resolution of disputes between parties to a contract. Id.

20.    INTL included the AAA on the List of the Arbitration Agreement because the CFTC's "Customer Protection Rules" which specify that a CFM must offer customers an opportunity to elect:

> …at least one other organization that will provide the customer with the opportunity to select the location of the arbitration proceeding from among several major cities in diverse geographic regions and that will provide the customer with the choice of a panel or other decision-maker composed of at least one or more persons, of which at least a majority are not members or associated with a member of the designated contract market, if applicable, or employee thereof, and that are not otherwise associated with the designated contract market (mixed panel), if applicable.

17 CFR 166.5(c)(5).

21.    The AAA has developed different sets of procedural rules for different types of disputes, including Commercial Arbitration Rules and Consumer Arbitration Rules.

22.    Unlike the two industry organizations included on the List, AAA – the largest alternative dispute resolution forum in the United States – (i) is a non-industry forum, (ii) it affords the parties to select hearing locations in major cities across the United States, including Atlanta, (iii) the arbitrators are not tied to the commodities futures industry, and (iv) it provides a forum that is inexpensive for consumers pursuant to its "Consumer Rules."

6

23.     When a dispute is submitted to the AAA for administration, it is for the AAA – not the parties to a submitted dispute – to determine which set of procedural rules will apply. AAA Consumer Rule R-1(b), relevant sections of which are attached hereto as Exhibit 3.

24.     The AAA's Consumer Arbitration Rules apply to any dispute where the parties' agreement designates AAA to administer the dispute and the arbitration agreement is contained in a "consumer agreement" even if the agreement specifies a particular set of rules other than the Consumer Arbitration Rules. Id. at Rule R-1(a)(4).

25.     Plaintiffs submitted their Statement of Claim to the AAA on December 31, 2018.

26.     The AAA advised the parties by letter dated January 10, 2019 that it had determined Plaintiffs' dispute "…arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ("Consumer Rules") apply to this dispute." The January 10, 2019 letter is attached hereto as Exhibit 4.

27.     The AAA requested the parties sign the January 10, 2019 letter "…to indicate their agreement to AAA administration of this dispute under the Consumer Arbitration Rules." Id.

28.     Plaintiffs complied with the AAA's request by signing and returning to AAA on January 11, 2019 a copy of its January 10, 2019 letter. Plaintiffs attach the January 10, 2019 letter signed by Plaintiffs' counsel as Exhibit 5.

29.     Defendant responded to the AAA's request in a letter dated January 24, 2019. Defendant's January 24, 2019 response is attached hereto as Exhibit 6.

30.     Defendant informed AAA in its January 24, 2019 letter that it "has not agreed and will not agree to AAA administration under the Consumer Arbitration Rules." Id. at p. 3.

31.     Defendant attaches each Plaintiff's Arbitration Agreement to its January 24, 2019 letter, but fails to provide the AAA with a copy of the List which offers Plaintiffs the "American Arbitration Association" as one of three "eligible organizations". Id.

32.     Defendant falsely represents to AAA in its January 24 letter that "…there is an absence of an arbitration agreement between the parties specifying AAA as the parties' arbitration forum for the arbitration." Id. at p. 1.

33.     Defendant's conduct is calculated to deny Plaintiffs the benefits of arbitration promised as an inducement for them to enter into the Arbitration Agreement to "…obtain an expeditious and final resolution of disputes without incurring substantial costs." See Exhibit 1.

## V.    CLAIM FOR RELIEF

## SPECIFIC PERFORMANCE

34.    Plaintiffs incorporate the allegations above as if fully set forth in this paragraph.

35.    Arbitration is a matter of contract and courts must rigorously enforce arbitration agreements according to their terms.

36.    An actual and justiciable controversy exists between Plaintiffs and Defendant regarding whether Defendant is obligated under the Arbitration Agreement to submit to Plaintiffs' selection of AAA from among the three "eligible organizations" identified by Defendant on the List.

37.    The Federal Arbitration Act establishes an independent cause of action for specific performance for breach of an agreement to arbitrate:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [28 USCS §§ 1 et seq.], in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C.S. § 4.

38.    Each Plaintiff entered into the Arbitration Agreement and each has substantially performed the duties required to be performed by each of them under

the Arbitration Agreement, including by timely submitting their Statement of Claim

to AAA, one of the "eligible organizations" INTL identified on the List.

39.    Defendant has breached the Arbitration Agreement by failing and

refusing to submit the dispute to AAA for resolution.

## VI.    <u>PRAYER</u>

WHEREFORE, Plaintiffs respectfully request this Court:

a.    Enter an Order compelling INTL to submit to the AAA arbitration filed
     by Plaintiffs;

b.    Award Plaintiffs such other and further relief in either law or equity to
     which this Court may deem appropriate.

Dated February 11, 2019.


                         Respectfully Submitted,

                         

                         /s/ Adam S. Rubenfield
                         David J. Hungeling
                         Georgia State Bar No. 378417
                         Adam S. Rubenfield
                         Georgia State Bar No. 419033
                         Peachtree 25th, Suite 599
                         1718 Peachtree Street
                         Atlanta, Georgia 30309
                         TEL (404) 574-2466
                         FAX (404) 574-2467
                         david@hungelinglaw.com
                         adam@hungelinglaw.com

                         *Attorneys for Plaintiffs*